### In re GANNON.

District Court, S. D. New York.

Jan. 19, 1938.

Laszlo Kormendi, of New York City, for petitioner.

CAFFEY, District Judge.

At the oral hearing on January 3, 1938, the only objection urged was deficiency in the residential requirement applicable to the petitioner. This objection is covered by subdivision (a) of the objections on file in this case. It was affirmatively stated that there was no other objection and on that statement being made, the taking of oral testimony was dispensed with.

The petitioner is a native of that part of Austria which is now included in Czecho Slovakia. She was born in 1907. She was married abroad in 1932. Her husband is a native born citizen of the United States. She first came to this country on a temporary visit in 1933. She arrived here with intention to reside July 24, 1936. She left for a visit abroad on September 26, 1936. She returned to the United States July 22, 1937. She has remained here since. Her petition for naturalization was filed September 22, 1937.

Naturalization is sought under the Act of September 22, 1922, as amended, commonly called the Cable Act. Among the essentials to be established by her is that she has "resided continuously in the United States * * * for at least one year immediately preceding the filing of the petition." 8 U.S.C.A. § 368.

The controlling inquiry is whether, on the evidence, the petitioner has shown that she has met the residential requirement.

Construing the evidence as favorably as possible to the petitioner as to the length of time, during the pertinent period, that she has been in the United States, it appears that at most this totals two months and five days. That length of time is made up of four days from September 22

to September 26, 1936, and two months and one day from July 22 to September 22, 1937. To put the matter otherwise, during the relevant one year period, she has been absent from this country from September 26, 1936, to July 22, 1937, a total of nine months and twenty five days.

The period with which we are concerned is September 22, 1936, to September 22, 1937. During that period the petitioner was present in the United States between 17 and 18% of the time. Otherwise put, she was abroad a little more than 82% of the time.

Petitioner's husband was in the service of a New York bank. In conformity with the instructions of his employer he has spent a great deal of his time in Europe for some time past. He was there when the petitioner reached the United States in July, 1936. I take it as plain that her sole purpose in leaving this country in September, 1936, was to visit her husband. I think also that the statements of the witnesses establish that it was the plan of her husband and herself that she would return to the United States in January, 1937, but that, owing to indications which then came to him which justified expectation by him that he would shortly be reassigned to the home office of his employer in New York, the petitioner lingered on in Europe with the purpose of accompanying him back to New York when orders reached him to return here.

▆ The principle of law applicable is clear and without dispute. Every case, however, stands on its own particular facts. Difficulty arises in applying the principle to the facts in an individual case. It is to be borne in mind that in determining whether the required residence has been shown, mere statements of intent are not sufficient and that acts are of more consequence than statements by way of conclusions of what was the condition of the mind with respect to conduct. In other words, acts speak louder than words.

This court, of course, is bound by decisions of the Circuit Court of Appeals for the Second Circuit. I have found no occasion to examine any rulings except those made by that court.

▆▆ The statute is peremptory in its language. It requires that residence in the United States shall be continuous and that immediately preceding the filing of the petition it shall be "for at least one year." There has been much discussion in court decisions as to distinctions between residence and domicile. There is no need, however, for going into those distinctions. As I see it, a common sense interpretation of the statute is demanded. The interpretation adopted must be that which will carry out the intention of Congress. That intention is to be arrived at by an analysis of the phrasing of the statute.

It seems to me that the inference is inescapable that the petitioner voluntarily elected to remain abroad so as to avoid separation from her husband. This, of course, begets the sympathy of everybody. Nevertheless, a court would not be warranted in sanctioning departure from the Congressional direction because of sympathy with the petitioner or her husband.

As it seems to me, it would do violence to the statute to say, on the evidence, that absence from the United States for 82% of the time did not break the continuity of residence in the United States in the sense in which residence here is required as a condition to admission to citizenship under the Cable Act. I am unable to reconcile any other conclusion with In re Schradieck, 2 Cir., 29 F.2d 24.

The result is that the application of the petitioner must be denied.