## In re RICHTER.

No. 269717.

District Court, E. D. New York.

June 29, 1940.

Aaron William Levy, and Nathan Epstein, both of New York City, for the motion.

Ernest A. La Mothe, United States Naturalization Examiner, opposed.

MOSCOWITZ, District Judge.

Hearing on petition of Chil Bencyon Richter for naturalization.

The petitioner arrived in the United States from Cuba in 1932 under a quota visa and upon his admission established his residence in the Borough of Brooklyn, City and State of New York. He filed his declaration of intention for citizenship on October 24, 1932.

In 1934 he procured a reentry permit in regular order and went to Cuba to trade in American merchandise.

The petitioner broke the continuity of his residence in the United States for naturalization purposes in that during the five year period immediately preceding the date of filing his petition he was absent from the United States, in Cuba, on six different occasions, for an aggregate absence of 1554 days, constituting 90% of such five year period. During that time he was employed by the Klara Shop, a Cuban firm in Havana, Cuba.

During the periods that he was in the United States he was engaged in making purchases in behalf of his Cuban employer.

In United States v. Mulvey, 2 Cir., 232 F. 513, 516, the Court decided: "The purpose of requiring aliens applying for citizenship to reside continuously within the country for five years is not only to satisfy the government as to the good faith of the applicant and as to his good character, but it is also to afford the alien a sufficient opportunity to understand and familiarize himself with our institutions and mode of government. In the opinion of Congress five years is none too long a period for this purpose."

Actual residence within the United States of 10% of the required time (five years) and a constructive residence for the balance of the time is not a compliance with the naturalization laws. 8 U.S.C.A. § 382.

The subscribing witnesses to his petition are not in a position to testify of their own knowledge concerning the character of the petitioner and his attachment to the principles of the Constitution during the extended periods in which he was absent from the United States.

Absence from the United States for 90% of the time breaks the continuity of residence in the United States in the sense in which residence here is required, as a condition to admission to citizenship. See opinion of Judge Caffey, Southern District of New York, dated January 19, 1938, 34 F.Supp. 211, directing petition for citizenship No. 2270-297305, filed by one Antonia Gannon, be denied. Also, see, In re Schradieck, 2 Cir., 29 F.2d 24.

The Court has dealt with the legal questions involved and this opinion is not intended to reflect adversely on the reputation of the petitioner. As a matter of fact, the petitioner appears to bear a splendid reputation.

The application of the petitioner for citizenship is denied.